**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Santos INTERIAN–MATA,**
**Defendant—Appellant.**

**No. 03–50549.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided Dec. 13, 2004.

Mark R. Rehe, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Gerald B. Singleton, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM *

Santos Interian–Mata appeals the district court's denial of his motion to dismiss a charge of being found in the United States after being removed, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the denial of a motion to dismiss an 8 U.S.C. § 1326 indictment when the motion is based on alleged due process defects in an underlying deportation proceeding. *See United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1047 (2004).

In 1995, Interian–Mata, a legal permanent resident ("LPR") of the United States, pled guilty to forcible rape. Under the law in effect in 1995, an LPR could be deported for committing an "aggravated felony." Interian–Mata's rape conviction was not categorized as an "aggravated felony." One year later, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). IIRIRA § 321 retroactively expanded the definition of "aggravated felony" and § 304 repealed the discretionary relief previously available under INA § 212(c).

■ In August 1999, the INS informed Interian–Mata that his 1995 conviction rendered him deportable. Interian–Mata indicated his intention to appeal the ruling, but was deported to Mexico before the deadline to appeal. Over the next three years, Interian–Mata was twice apprehended at an immigration checkpoint in the United States. Each time, the Attorney General reinstated Interian–Mata's prior removal order and removed him to Mexico. On December 10, 2002, Interian–Mata was again stopped in California near the Mexican border. He was taken into custody and charged with violating 8 U.S.C. § 1326. Interian–Mata moved to dismiss the charges on the grounds that his due process rights were violated because IIRIRA § 321 is unlawfully retroactive and because the IJ failed to inform him of possible relief under § 212(c) at his removal hearings. The district court denied Interian–Mata's motion.

■ Section 321 of IIRIRA is not unlawfully retroactive. *See INS v. St. Cyr*, 533 U.S. 289, 318–19, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *Aragon–Ayon v. INS*, 206 F.3d 847, 853 (9th Cir.2000) (holding that "Congress intended the 1996 amendments to make the aggravated felony definition apply retroactively to all defined offenses whenever committed"). Accordingly, the application of IIRIRA § 321 to Interian's forcible rape conviction does not violate due process. However, Interian–Mata was eligible for § 212(c) relief. *See United States v. Leon–Paz*, 340 F.3d 1003 (9th Cir.2003). The government conceded this at oral argument, but argues that Interian–Mata did not suffer prejudice when he was precluded from seeking § 212(c) relief. Because the district court did not address the issue of prejudice, we remand to the district court to determine whether Interian–Mata was prejudiced by the IJ's failure to inform him of his eligibility for § 212(c) relief. *See Leon–Paz*, 340 F.3d at 1007. "In order to establish prejudice, [Interian–Mata] does not have to show that he actually would have been granted relief. Instead, he must only show that he had a 'plausible' ground for relief from deportation." *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000). If the district court finds that Interian–Mata suffered prejudice as a result of the due process violation, then it must vacate the judgment and sentence and dismiss the indictment. If the court finds that Interi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

an–Mata did not suffer prejudice, the judgment and sentence shall remain in force.

REMANDED.