**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Santos Manuel INTERIAN–MATA,
Defendant—Appellant.**

**No. 05–50273.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 6, 2006.*

Decided April 14, 2006.

Mark R. Rehe, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Gerald B. Singleton, Esq., San Diego, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and JONES,** District Judge.

MEMORANDUM ***

Santos Manuel Interian–Mata ("Interian") appeals the district court's denial of his motion to dismiss a charge of being found in the United States after being removed, in violation of 8 U.S.C. § 1326. Specifically, Interian challenges the district court's order finding, on remand from our earlier disposition in *United States v. Interian–Mata*, 118 Fed. Appx. 223 (9th Cir.2004), that he was not prejudiced by the Immigration Judge's failure to inform him of his eligibility for relief under § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's order.

Interian bears the burden of demonstrating prejudice, *see United States v. Gonzalez–Valerio*, 342 F.3d 1051, 1054 (9th Cir.2003), and to meet this burden Interian must show that it was "plausible" he would have received § 212(c) relief, *see id.* As a result of Interian's particular criminal history, any plausible relief is contingent on a demonstration of "unusual or outstanding equities." *See, e.g., id.* at 1056–57. Such a demonstration is not always sufficient, however. *Matter of Edwards*, 20 I. & N. Dec. 191, 196 (BIA 1990). Taking into consideration Interian's conviction for forcible rape and multiple convictions for drunk driving, and agreeing with the reasoning of the district court that Interian's criminal record demonstrates a lack of rehabilitation, we agree with the government that Interian has not provided any evidence of a case in which § 212(c) relief was granted to an alien with truly comparable equities. We therefore agree with the district court that Interian has not demonstrated plausible grounds for § 212(c) relief. *See Gonzalez–Valerio*, 342 F.3d at 1054; *cf. Matter of Edwards*, 20 I. & N. Dec. 191; *Matter of Buscemi*, 19 I. & N. Dec. 628 (BIA 1988).

**AFFIRMED.**

---

** The Honorable Robert Clive Jones, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.