UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Rodrigo LOPEZ–PAYAN,
Defendant—Appellant.

No. 03–10038.

D.C. No. CR–01–00369–LRH.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2003.*

Decided Dec. 10, 2003.

Robert A. Bork, USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

John C. Lambrose, Anne R. Traum, FPDNV–Federal Public Defender's Office (Las Vegas), Las Vegas, NV, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RYMER, Circuit Judges.

## MEMORANDUM**

Jose Rodrigo Lopez–Payan ("Lopez") appeals his conviction, pursuant to a conditional guilty plea, for unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326.

Lopez argues that his three removals in 1998, 1999 and 2000 violated his due

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

process rights because the Immigration and Naturalization Service ("INS") failed to inform him of the possibility of relief from removal by voluntary departure under 8 U.S.C. § 1254(e) (repealed 1996). However, Lopez was statutorily ineligible for voluntary departure since he served four years in prison for a first degree burglary conviction, which precluded him from satisfying the "good moral character" requirement for voluntary departure. *See* 8 U.S.C. § 1101(f)(7) ("No person shall be regarded as, or found to be, a person of good moral character who ... has been confined, as a result of a conviction, to a penal institution for an aggregate period of one hundred and eighty days or more...."); *De La Cruz v. INS,* 951 F.2d 226, 228 (9th Cir.1991) (holding that an illegal alien convicted of first degree burglary who served two years in prison does not possess good moral character and accordingly is statutorily ineligible for voluntary departure). Therefore, it is clear that Lopez suffered no prejudice from any alleged error on the part of the INS. *See United States v. Esparza–Ponce,* 193 F.3d 1133, 1136 (9th Cir.1999), *cert. denied,* 531 U.S. 842, 121 S.Ct. 107, 148 L.Ed.2d 64 (2000) (holding that in order to meet the burden of proving prejudice, a defendant "must demonstrate that he had plausible grounds for relief from deportation"). Although the district court based its opinion on erroneous grounds, *see United States v. Leon–Paz,* 340 F.3d 1003, 1007 (9th Cir. 2003), its denial of Lopez's motion to dismiss his indictment was appropriate.

■ The district court did not err in enhancing Lopez's sentence under 8 U.S.C. § 1326(b)(2) based on his prior aggravated felony conviction, even though the prior conviction was not charged in his indictment. *See United States v. Pacheco–Zapeda,* 234 F.3d 411 (9th Cir.2000), *cert denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

**AFFIRMED.**