**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Juan Aaron ARAGON–AVILES, aka Juan Aaron Aragon, aka Luis Francisco Aragon–Aviles, aka Juan Lopez, Defendant—Appellant.**

No. 03–50327.

D.C. No. CR–02–00013–VAP.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 16, 2005.

Ruth C. Pinkel, USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before REINHARDT, RYMER and HAWKINS, Circuit Judges.

## MEMORANDUM**

Juan Aaron Aragon–Aviles appeals his conviction, pursuant to a conditional guilty plea, for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

Aragon–Aviles contends that the district court erred in denying his motion to dismiss the indictment on the grounds

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

that his prior removal was invalid. Specifically, Aragon–Aviles contends that because the immigration judge ("IJ") failed to tell him that he was eligible for relief from removal under former § 212(c) of the Immigration and Naturalization Act, his removal proceeding was defective and cannot form the basis for a conviction under 8 U.S.C. § 1326. Reviewing de novo, *see United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1047 (9th Cir.2004), we conclude that, at the time of Aragon–Aviles' 2000 removal hearing, he had a claim for relief under former § 212(c), and the failure of the IJ to inform Aragon–Aviles of his eligibility violated his due process rights. *See INS v. St. Cyr*, 533 U.S. 289, 297, 396, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *Ubaldo–Figueroa*, 364 F.3d at 1049–50. Aragon–Aviles was therefore deprived of a meaningful opportunity for judicial review, and is exempt from the requirement that he exhaust his administrative remedies. *See Ubaldo–Figueroa* at 1050; *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000).

In order to succeed in his collateral challenge to his removal order, however, Aragon–Aviles must also show that he suffered prejudice as a result of the violation of his due process rights, by demonstrating that he had a "plausible" ground for relief from removal. *Ubaldo–Figueroa*, 364 F.3d at 1050. The district court never reached the issue of prejudice, and it should do so in the first instance. *See United States v. Leon–Paz*, 340 F.3d 1003, 1007 (9th Cir.2003). We therefore vacate the conviction and sentence, and remand to the district court for consideration of whether Aragon–Aviles was prejudiced by the deprivation of his due process rights in his 2000 removal proceeding. *See id.*

In the event that the district court finds no prejudice, and Aragon–Aviles' conviction is reinstated, in light of the fact that Aragon–Aviles was sentenced pursuant to the then-mandatory Sentencing Guidelines, the district court should reconsider Aragon–Aviles' sentence in light of *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906 (9th Cir. 2005).

Aragon–Aviles' motion for leave to file a supplemental brief and motion for expedited hearing schedule are denied.

**VACATED AND REMANDED.**