**Margarito Gonzalez ALDANA, Petitioner—Appellant,**

v.

**Alberto R. GONZALES, Attorney General, Respondent— Appellee.**

No. 05–15617.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided June 14, 2006.

Stephen Shaiken, Esq., Law Office of Stephen Shaiken, San Francisco, CA, for Petitioner–Appellant.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Edward A. Olsen, Esq., USSF—Office of the U.S. Attorney, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent–Appellee.

Before: SILER,* and RAWLINSON, and BYBEE, Circuit Judges.

### MEMORANDUM **

The facts are known to the parties.

By its own terms, waiver of inadmissibility under § 212(c) of the Immigration and Nationality Act was available only for "[a]liens *lawfully admitted for permanent residence* who temporarily proceeded

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

abroad voluntarily and not under an order of deportation, and who are returning to a *lawful unrelinquished domicile of seven consecutive years ....*" 8 U.S.C. § 1182(c) (repealed 1996) (emphasis added). At the time of his no contest plea, Aldana was a temporary resident under the Special Agricultural Workers ("SAW") program, 8 U.S.C. § 1160 (2000), who had acquired scarcely five months of lawful domicile. Thus, § 212(c) relief was unavailable to Aldana when he entered his plea of no contest.

In determining that § 212(c) relief remains available for certain aliens following its repeal, the Supreme Court did not expand the availability of such relief beyond the former section's strictures. *See INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Rather, the Court explicitly limited the continuing availability of such relief to those aliens who qualified for § 212(c) relief at the time they entered their pleas. *See id.* at 326, 121 S.Ct. 2271 ("We therefore hold that § 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief *at the time of their plea* under the law then in effect." (emphasis added)). *See also United States v. Leon–Paz,* 340 F.3d 1003, 1006–07 (9th Cir.2003) (finding § 212(c) relief remained available to an alien who otherwise qualified for such relief at the time he entered his guilty plea to a nonremovable offense which Congress subsequently reclassified as a removable offense). Accordingly, Aldana's petition is DENIED.