**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Alfredo ROMERO–SANCHEZ,**
**Defendant–Appellant.**

No. 07–10070.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 10, 2008.

Tracey A. Bardorf, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Karen M. Wilkinson, FPDAZ—Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Jose Alfredo Romero–Sanchez appeals from his conviction and sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse.

Romero–Sanchez contends that the district court erred by denying his motion to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dismiss the indictment, because the entry of the underlying deportation order was fundamentally unfair. To sustain a collateral attack on a deportation order in a subsequent criminal proceeding, a defendant must demonstrate that his due process rights were violated by defects in the underlying deportation proceeding, and that he suffered prejudice as a result. *See* 8 U.S.C. § 1326(d); *United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1047–48 (9th Cir.2004). To establish prejudice, a defendant must only show that he had a plausible ground for relief from deportation. *See id.* at 1050.

The district court found that the deportation proceedings did not violate Romero–Sanchez's due process rights. However, we conclude that Romero–Sanchez suffered a due process violation when the Immigration Judge ruled that he was not eligible for relief from deportation at the time of the deportation proceedings in April, 1997. *See United States v. Leon–Paz*, 340 F.3d 1003, 1006–07 (9th Cir.2003); *see also INS v. St. Cyr*, 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (holding that § 212(c) relief remained available for aliens who pleaded guilty at a time when their plea would not have rendered them ineligible for such relief).

The district court properly found that Romero–Sanchez did have a plausible ground for relief, and could therefore establish prejudice. *See Ubaldo–Figueroa*, 364 F.3d at 1050. We conclude that entry of the underlying deportation order was invalid, and cannot be used as an element of Romero–Sanchez's conviction under 8 U.S.C. § 1326. *See* 8 U.S.C. § 1326(d); *Ubaldo–Figueroa*, 364 F.3d at 1051. We therefore reverse the conviction under 8

U.S.C. § 1326. *See Ubaldo–Figueroa*, 364 F.3d at 1051.

**REVERSED.**