Myong Hwa PARK, aka Myong Hwa Song, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–72345.

United States Court of Appeals, Ninth Circuit.

Submitted July 1, 2008.*

Filed July 11, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

568

Sirin Ozen Hallberg, Frank & Morton LLP, Los Angeles, CA, for Petitioner.

CAC–District, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Luis E. Perez, Linda S. Wendtland, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Myong Hwa Park, a native and citizen of South Korea, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law, *Fernandez–Ruiz v. Gonzales*, 468 F.3d 1159, 1163 (9th Cir.2006), and we grant the petition for review and remand for further proceedings.

█ The BIA erred in concluding that Park is ineligible for § 212(c) relief under *United States v. Velasco–Medina*, 305 F.3d 839 (9th Cir.2002). Although Park's conviction was not a deportable offense in 1989, we have held that *Velasco–Medina* does not apply to applicants convicted prior to the Antiterrorism and Effective

** This disposition is not appropriate for publication and is not precedent except as provid-

Death Penalty Act of 1996. *See United States v. Leon–Paz*, 340 F.3d 1003, 1007 (9th Cir.2003) (distinguishing *Velasco–Medina* because Leon–Paz "could rely on the fact that he had a source of protection should his crime be declared an aggravated felony in the future").

█ We do not consider the government's contention that Park is nevertheless ineligible for § 212(c) relief because her conviction followed a plea of not guilty, as this ground was not relied on by the BIA. *See Andia v. Ashcroft*, 359 F.3d 1181, 1185 (9th Cir.2004) (per curiam) (declining to consider "arguments advanced by the INS which were not relied on by the BIA"). In light of our disposition, we need not address Park's equal protection claim.

**PETITION FOR REVIEW GRANTED; REMANDED.**