**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin GUZMAN–GUZMAN,**
**Defendant–Appellant.**

No. 07–30113.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 20, 2009.*

Filed Sept. 3, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Nicholas W. Marchi, Esq., Carney & Marchi, PS, Seattle, WA, for Defendant–Appellant.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Martin Guzman–Guzman appeals from his conviction and sentence for being an alien found in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Guzman–Guzman contends that the district court erred by denying his motion to dismiss the indictment, because the entry of the underlying 1997 removal order and the subsequent 2001 reinstatement of the removal order violated his due process rights. Guzman–Guzman's due process challenge to the reinstated removal order is foreclosed. *See Morales–Izquierdo v. Gonzales,* 486 F.3d 484, 498 (9th Cir.2007) (en banc). Because Guzman–Guzman challenges his conviction, his collateral attack on the 1997 removal order

is not rendered moot by his removal to Mexico. *See United States v. Plancarte–Alvarez,* 366 F.3d 1058, 1063–64 (9th Cir. 2004) (holding that, because deported defendant might return to this country, deportation does not preclude effectual relief); *see also Chaker v. Crogan,* 428 F.3d 1215, 1219 (9th Cir.2005) (holding that prospect of collateral consequences resulting from a criminal conviction establishes a live controversy).

■ To sustain a collateral attack on a removal order in a subsequent criminal proceeding, a defendant must demonstrate that his due process rights were violated by defects in the underlying removal proceeding, and that he suffered prejudice as a result. *See* 8 U.S.C. § 1326(d); *United States v. Becerril–Lopez,* 541 F.3d 881, 885 (9th Cir.2008). At the time of the 1997 removal order, Guzman–Guzman's state conviction for delivery of a controlled substance qualified as an aggravated felony under the Immigration and Nationality Act (the "INA"), and the Immigration Judge erred by failing to advise him of the possibility of his eligibility for discretionary relief under section 212(c) of the INA. *See* 8 U.S.C. § 1101(a)(43)(B) (1996) (defining "aggravated felony" to include a drug trafficking crime, without regard to the length of the sentence imposed); *United States v. Leon–Paz,* 340 F.3d 1003, 1006–07 (9th Cir.2003); *see also INS v. St. Cyr,* 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (holding that the elimination of § 212(c) relief could not be retroactively applied to an alien who was convicted for an offense that would have made him eligible to seek such relief).

■ Nevertheless, Guzman–Guzman must still demonstrate prejudice, by show-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing that he had "plausible grounds" for a discretionary grant of relief. *See Becerril–Lopez*, 541 F.3d at 886. Guzman–Guzman has failed to meet his burden because neither his motion to dismiss in district court nor his opening brief offer any support for the discretionary grant of § 212(c) relief. The district court therefore did not err by denying the motion to dismiss the indictment. *See id.*

**AFFIRMED.**