

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50423 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02582-JAH-1 |
| v. | |
| PEDRO PEREZ-GODINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted July 15, 2010[**]
Pasadena, California

Before: FARRIS and SILVERMAN, Circuit Judges, and CAMP, Senior District
Judge.[***]

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]      The Honorable Jack J. Camp, Senior United States District Judge for the Northern District of Georgia, sitting by designation.

Appellant Pedro Perez-Godinez, a citizen of Mexico, pled guilty to violating 8 U.S.C. § 1326, which makes it illegal for an alien to re-enter the United States after being deported or removed. He appeals the trial court's ruling on his motion to dismiss the indictment in which he collaterally attacks the Final Administrative Removal Order ordering his removal.

In 2004, a jury convicted Appellant of first degree robbery in concert in violation of California Penal Code § 212.5/213(a)(1)(A). Appellant also received an enhancement under California Penal Code § 12022(a)(1) for the use of a firearm in the commission of the robbery. The state court sentenced Appellant to six years imprisonment on the robbery count with an additional one-year imprisonment for the firearm enhancement.

While serving this sentence, a federal agent served Appellant with a Notice of Intent to Issue a Final Administrative Removal Order. The Notice alleged that Appellant was subject to deportation pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) because his California robbery conviction was an aggravated felony. After the entry of the Removal Order finding Appellant deportable as charged, Appellant was deported to Mexico.

Shortly after being deported, Appellant was apprehended while attempting to illegally re-enter the United States, and a Grand Jury charged Appellant with

violating 8 U.S.C. § 1326. Appellant then filed a motion to dismiss the indictment collaterally attacking the previous Removal Order as a violation of his rights as protected by the Due Process Clause of the Fifth Amendment. He contends that because his prior conviction is not an aggravated felony, he was improperly subjected to the expedited removal proceedings of 8 U.S.C. § 1228 and, thus, denied his right to a hearing before an immigration judge.

After a hearing, the trial court denied Appellant's motion. Appellant then entered a conditional guilty plea, allowing him to appeal the trial court's order denying his motion to dismiss. Appellant timely filed this appeal. We review the trial court's denial of the motion to dismiss de novo. United States v. Arias-Ordonez, 597 F.3d 972, 976 (9th Cir. 2010); United States v. Leon-Paz, 340 F.3d 1003, 1004 (9th Cir. 2003).

A criminal defendant charged pursuant to Section 1326 may collaterally attack the underlying removal order in a criminal proceeding. United States v. Muro-Inclan, 249 F.3d 1180, 1182 (9th Cir. 2001). In order to prevail, the defendant must demonstrate three elements: "(1) [the defendant] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [the defendant] of the opportunity for judicial review; and (3) the entry of

the order was fundamentally unfair." 8 U.S.C. § 1326(d); Arias-Ordonez, 597 F.3d at 976; United States v. Lopez-Velasquez, 568 F.3d 1139, 1142 (9th Cir. 2009). A removal order is "fundamentally unfair" when the underlying deportation proceeding violated the defendant's due process rights, and the defendant suffers prejudice as a result of the violation. Arias-Ordonez, 597 F.3d at 976.

The pertinent question on appeal is whether appellant was subject to expedited removal pursuant to 8 U.S.C. § 1228 as an aggravated felon because of his prior robbery conviction. The trial court did not err in finding that Appellant was subject to deportation as an aggravated felon based on his California robbery conviction, which is categorically a crime of violence. See United States v. McDougherty, 920 F.2d 569, 573 (9th Cir. 1990) ("[R]obbery under California law is . . . by definition a crime of violence.") Because Appellant was convicted of a crime of violence for which the term of imprisonment is at least one year, he was subject to expedited removal under Section 1228. Therefore, Appellant cannot sustain a collateral attack on his removal order because he cannot satisfy his burden of demonstrating that the order was fundamentally unfair. The trial court properly denied Appellant's motion to dismiss the indictment.

**AFFIRMED.**