**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50027 |
| Plaintiff - Appellee, | D.C. No. 2:11 cr-00585 DSF |
| v. | |
| FERNANDO GOMEZ DIAZ, AKA Fernando Gomez, AKA Fernando Diaz Gomez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted July 11, 2013[**]
Pasadena, California

Before:    TASHIMA and BYBEE, Circuit Judges, and BENCIVENGO, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]    The Honorable Cathy Ann Bencivengo, United States District Judge
for the Southern District of California, sitting by designation.

Fernando Gomez Diaz ("Gomez") appeals from his conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. He contends that the district court erred in denying his motion to dismiss the indictment. In his motion, Gomez collaterally attacked the validity of the underlying deportation order pursuant to § 1326(d). Because the facts and procedural history are familiar to the parties, we do not recite them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and review de novo the district court's denial of a motion to dismiss a § 1326 indictment. *See United States v. Leon-Paz*, 340 F.3d 1003, 1004 (9th Cir. 2003). We affirm the district court's denial of the motion.

To collaterally attack a prior deportation, an alien must demonstrate that "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). A failure to inform an alien of relief for which he is apparently eligible satisfies the first two prongs of the test, *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1015 (9th Cir. 2013), and partially satisfies the third, *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013). The remainder of the third prong is satisfied by

demonstrating prejudice.  *Vidal-Mendoza*, 705 F.3d at 1015-16.  Gomez argues that the indictment should have been dismissed because he was not informed of specific forms of relief for which he was apparently eligible, and that he suffered prejudice as a result of the Immigration Judge's ("IJ") alleged error.

Gomez was informed of all relief for which he was apparently eligible. "[A]n IJ's duty is limited to informing an alien of a reasonable possibility that the alien is eligible for relief at the time of the hearing."  *United States v. Lopez-Velasquez*, 629 F.3d 894, 901 (9th Cir. 2010).  During Gomez's individual hearing, the IJ informed Gomez that he may have been eligible for voluntary departure and could request a hearing on that issue.  The IJ also advised Gomez that he was eligible for cancellation of removal, and outlined the relevant requirements. Gomez, however, declined to pursue either form of relief.

Moreover, "the IJ is not required to advise an alien of possible relief when there is no factual basis for relief in the record."  *Id.* at 900.  Thus, Gomez's contention that he was apparently eligible for both an in-country adjustment of status and relief under the Convention Against Torture ("CAT") is without merit. First, under 8 U.S.C. § 1255(i), an in-country adjustment of status is available to an alien who is the beneficiary of a petition "which was properly filed . . . on or before April 30, 2001."  8 C.F.R. § 245.10(a).  Because Gomez's spouse had not filed a

petition on his behalf at the time of the hearing, Gomez was ineligible for an in-country adjustment of status. Second, there is nothing in the record to suggest that relief under CAT was available in Gomez's circumstances. Quite to the contrary, the IJ inquired if Gomez had any fears of returning to Mexico, and whether he had fears of being tortured by a public official in Mexico. Gomez answered that he had no such fears. Thus, the IJ was not required to inform Gomez of the potential for CAT relief. As such, Gomez's in-country adjustment of status and CAT-based claims fail.

Finally, we need not reach the issue of prejudice because Gomez fails to demonstrate that he was not informed of relief for which he was apparently eligible. Thus, the district court properly denied the motion to dismiss the indictment. The judgment of conviction is

**AFFIRMED.**