**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

SEP 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30322 |
| Plaintiff-Appellee, | D.C. No. 1:11-cr-0029-EJL-1 |
| v. | |
| DANIEL RODRIGUEZ-PEREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted August 29, 2013[**]
Seattle, Washington

Before: McKEOWN and CLIFTON, Circuit Judges, and RAKOFF, Senior District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Daniel Rodriguez-Perez appeals from his conviction for illegal reentry in violation of 8 U.S.C. § 1326, arguing that the district court erred in denying his motion to dismiss the indictment, which had collaterally attacked his underlying removal order. See 8 U.S.C. § 1326(d). We review a denial of such a motion de novo. See United States v. Leon–Paz, 340 F.3d 1003, 1004 (9th Cir.2003). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Rodriguez-Perez was found in the United States in 2011 after having been removed in 2007 pursuant to a reinstatement of a deportation order issued in 1995. Rodriguez argues that the immigration judge in his 1995 hearing erred by advising him that he was ineligible for relief from deportation under former Section 212(c) of the Immigration and Nationality Act. An immigrant seeking relief under Section 212(c) was statutorily required to have a "lawful unrelinquished domicile of seven consecutive years," 8 U.S.C. § 1182(c) (1995), and in Castillo-Felix v. INS, 601 F.2d 459 (9th Cir. 1979), this Court upheld a BIA interpretation whereby "to be eligible for [Section 212(c)] relief, aliens must accumulate seven years of lawful unrelinquished domicile after their admission for permanent residence." Id. at 467; see also 8 C.F.R. § 212.3(f)(2) (1995) (codifying the interpretation upheld in Castillo-Felix). At the time of his deportation proceeding, Rodriguez-Perez had been a lawful permanent resident for only four years.

2

Nevertheless, Rodriguez-Perez argues that certain "developments" in the law indicated that the seven years required for Section 212(c) relief could also include the period after he acquired temporary status in 1988 pursuant to the Special Agricultural Worker ("SAW") program under the Immigration Reform and Control Act of 1986 ("IRCA"). See 8 U.S.C. § 1160. However, while "an [immigration judge] must provide accurate information regarding an alien's eligibility for relief under the applicable law at the time of his deportation hearing," immigration judges are not required to "anticipate future changes in law when determining an alien's apparent eligibility for relief from removal." United States v. Vidal-Mendoza, 705 F.3d 1012, 1017 (9th Cir. 2013) (internal quotation marks and citations omitted). Here, under the law of this Circuit at the time of his deportation proceeding, Rodriguez-Perez was ineligible for Section 212(c) relief because he had not been a lawful permanent resident for seven years. See Castillo-Felix, 601 F.2d at 467; 8 C.F.R. § 212.3(f)(2) (1995). Indeed, in Ortega de Robles v. INS, 58 F.3d 1355 (9th Cir. 1995), on which Rodriguez-Perez principally relies, while we held that the rule of Castillo-Felix was inapplicable to immigrants who obtained temporary status under IRCA's general amnesty, we also recognized a BIA decision that found "a crucial distinction . . . between temporary residents under [SAW] on the one hand, and aliens eligible for adjustment under [the general

3

amnesty] . . . on the other." 58 F.3d at 1360 n.6.

The immigration judge had no duty to advise Rodriguez-Perez "of relief for which he was not then eligible and for which he would become eligible only with a change in law." United States v. Lopez-Velasquez, 629 F.3d 894, 901 (9th Cir. 2010) (en banc). Rodriguez-Perez's underlying deportation proceeding accordingly was not fundamentally unfair, and the district court's denial of his motion to dismiss the indictment was proper.

**AFFIRMED.**