UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMILIA ROJAS-LAZARO and CLARIVET SULLY HUAMAN-ROJAS, | No. 21-180 |
| | Agency Nos. A212-992-316 A212-992-315 |
| Petitioners, | |
| v. | ORDER |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

Before: BYBEE and FORREST, Circuit Judges, and SEEBORG, District Judge.[*]

Respondent's unopposed motion (Docket Entry No. 38) to amend is granted. Accordingly, an amended memorandum disposition shall be filed concurrent to this order. The deadline for filing a petition for rehearing having passed, the mandate shall issue in due course.

---

[*] The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMILIA ROJAS-LAZARO; CLARIVET
SULLY HUAMAN-ROJAS,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   21-180

Agency Nos.
A212-992-316
A212-992-315

AMENDED
MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2023
Seattle, Washington[**]

Before:  BYBEE and FORREST, Circuit Judges, and SEEBORG,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed R. App. P. 34(a)(2).

[***]      The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

Emilia Rojas-Lazaro and her minor daughter petition for review of the Board of Immigration Appeals' (BIA) denial of their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252 and review the BIA's denial of a motion to reopen for abuse of discretion. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022). We grant the petition.

The government instituted removal proceedings against the petitioners in May 2017. Rojas-Lazaro conceded removability and applied for asylum, withholding of removal, cancellation of removal, and protection under the Convention Against Torture.

In March 2019, the immigration judge (IJ) held a hearing in which Rojas-Lazaro presented evidence to support her applications for immigration relief. A Spanish interpreter was present. At the conclusion of the hearing, the IJ indicated that he would not grant Rojas-Lazaro's applications and asked whether Rojas-Lazaro would like pre-conclusion voluntary departure. To qualify for pre-conclusion voluntary departure, a noncitizen must withdraw all active applications for immigration relief and waive her right to appeal. 8 C.F.R. § 1240.26(b)(1)(i)(B), (D). After a brief recess, counsel for Rojas-Lazaro requested pre-conclusion voluntary departure on her behalf. The IJ granted

voluntary departure and issued an order noting that Rojas-Lazaro had withdrawn her applications for immigration relief and waived appeal.

Rojas-Lazaro filed a motion to reopen, contending that she did not have the time or understanding to adequately consider the waiver of her appeal and withdrawal of her applications for relief. In conjunction with her motion, Rojas-Lazaro filed declarations from herself and her attorney explaining that Rojas-Lazaro did not understand what was happening during her hearing. According to these declarations, Rojas-Lazaro did not discover she had forfeited her applications and waived her appeal until she spoke with her attorney through an interpreter a few days after the hearing. The IJ denied the motion to reopen in a form order. Rojas-Lazaro appealed to the BIA, which affirmed the IJ's denial.

To comport with due process, a waiver of appeal must be "considered and intelligent." *United States v. Pallares-Galan*, 359 F.3d 1088, 1096 (9th Cir. 2004) (citing *United States v. Leon-Paz*, 340 F.3d 1003, 1005 (9th Cir. 2003)). This "inquiry focuses on whether [the noncitizen] *personally* made a 'considered and intelligent' waiver of his appeal." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1049 n.8 (9th Cir. 2004) (citation omitted). Here, the record does not show that Rojas-Lazaro personally gave up her applications or her appeal. At no point in the hearing did anyone ask Rojas-Lazaro whether she agreed to voluntary

3

departure, the withdrawal of her applications for immigration relief, or the waiver of her appeal.

The government argues that the waiver was valid because Rojas-Lazaro was represented by counsel who accepted voluntary departure on her behalf. However, waiver by counsel "will not support a finding that the detainee made a knowing and considered waiver of the right to appeal." *United States v. Proa-Tovar*, 945 F.2d 1450, 1453 (9th Cir. 1991), *superseded on other grounds by* 975 F.2d 592 (9th Cir. 1992) (en banc); *see also Ubaldo-Figueroa*, 364 F.3d at 1049 & n.8. And even though the IJ explained to counsel the consequences of accepting voluntary departure, the IJ failed to "*expressly and personally*" explain those consequences to Rojas-Lazaro, as due process requires. *Ubaldo-Figueroa*, 364 F.3d at 1049 (emphasis added).

Because nothing in the record supports a finding that Rojas-Lazaro "*personally*" waived her appeal, or that such waiver was "considered and intelligent," *id.* at 1049 n.8 (citation omitted), the BIA abused its discretion by denying the motion to reopen. *See also Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016) ("The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law." (citation omitted)). We therefore grant the petition for review

4

and remand to the BIA for further proceedings in light of our determination that the BIA abused its discretion in denying the motion to reopen.

**PETITION GRANTED.**