NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 11 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10458 |
| Plaintiff-Appellee, | D.C. No. 14-cv-01883-RCC |
| v. | MEMORANDUM[*] |
| GUILLERMO ORTEGA, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted December 15, 2016
San Francisco, CA

Before:  BERZON and MURGUIA, Circuit Judges, and BLOCK,[**] District Judge.

On May 28, 2015, Guillermo Ortega was convicted of illegal reentry in

violation of 8 U.S.C. § 1326(a)(1).  The predicate to Ortega's indictment and

conviction was an order for removal, issued by a United States Immigration Judge

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

1

("IJ"), on April 23, 2001 ("Removal Order"), after a short hearing ("Removal Hearing"). The district court sentenced Ortega to thirty-seven months' imprisonment. Ortega now appeals his conviction and sentence.

1. In a criminal proceeding under § 1326(a)(1), an alien may challenge the validity of the underlying deportation order if he or she "demonstrates that— (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d); *see also, e.g.*, *United States v. Lopez-Velasquez*, 629 F.3d 894, 896 (9th Cir. 2010); *United States v. Herrera-Blanco*, 232 F.3d 715, 718 (9th Cir. 2000). The first and second elements of the statute are satisfied even if the alien waived his right to appeal his order of removal, "where the record contains an inference that the petitioner is eligible for relief from deportation, but the IJ fails to advise the alien of this possibility and give him [or her] the opportunity to develop the issue." *United States v. Pallares-Galan,* 359 F.3d 1088, 1096 (9th Cir. 2004) (internal citations and quotation marks omitted). For purposes of this statute's third element, an alien must show that (1) his or her due process rights were violated by defects in his or her underlying deportation proceeding, and (2) he or she suffered prejudice as a result of the defect. *United States v. Arrieta*, 224 F.3d 1076, 1079

2

(9th Cir. 2000). If an alien establishes all of these factors, an order for removal cannot support a prosecution under § 1326(a), *United States v. Rodriguez-Ocampo*, 664 F.3d 1275, 1278–79 (9th Cir. 2011), and any conviction and sentence for such a crime must be vacated, *United States v. Leon-Paz*, 340 F.3d 1003, 1007 (9th Cir. 2003).

2. The district court erred in failing to address the validity of the underlying removal order, although clearly pressed to do so. And several errors sufficient to satisfy § 1326(d) tainted the Removal Hearing. Principally, the IJ misclassified two of Ortega's prior convictions. *See* 8 U.S.C. §§ 1182(a)(2)(A)(ii)(II), 1101(a)(43)(F), 1227(a)(2)(A)(i). Based on these faulty categorizations, the IJ then mistakenly determined that Ortega was ineligible for any relief and thus failed to explain to Ortega his possible eligibility for voluntary removal or a waiver pursuant to Section 212 of the Immigration and Nationality Act. Cumulatively weighed, these mistakes satisfy § 1326(d)(1) and (d)(2) and the due process prong of § 1326(d)(3). *See, e.g.*, *United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1130 (9th Cir. 2013); *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1016 (9th Cir. 2013).

3. Nevertheless, Ortega's extensive criminal record may still have deprived him of any plausible ground for relief from deportation in April of 2001. If so, Ortega would not have been prejudiced by the IJ's errors, and his indictment,

3

conviction, and sentence would remain valid. *See, e.g.*, *United States v. Leon-Leon,* 35 F.3d 1428, 1432 (9th Cir. 1994); *United States v. Proa-Tovar*, 975 F.2d 592, 595–96 (9th Cir. 1992). Accordingly, we remand so that the district court can consider fully whether Ortega was prejudiced by the deprivation of his due process rights in the Removal Hearing. *See Lopez-Velasquez*, 629 F.3d at 755–56.

4. The remand renders it unnecessary for the Court to consider any remaining issues.[1]

REMANDED.

---

[1] The case's peculiar facts prompt one final observation. In a prior prosecution, the United States Attorney's Office for the Southern District of California ("USAO") also initially charged Ortega under § 1326. When Ortega's California counsel challenged the legality of his client's removal, the USAO filed a superseding indictment charging Ortega with illegal entry under § 1325(a), a crime for which no prior removal is required. Therefore, while the parties in California did not "end up litigating . . . ['the validity of . . . Ortega's prior immigration judge removal']," the USAO did abandon its § 1326 charges and even accepted Ortega's "sentencing arguments" against a "plus-four" enhancement in his sentence traceable to the Removal Order. Why the Government here seemed entirely unaware of or indifferent to the USAO's course of conduct is a troubling but unanswerable question.